IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CANDACE WILLRICH, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:13-cv-3150-B-BN |
| | § | |
| UNITED STATES OF AMERICA, | § | |
| ET AL., | § | |
| | § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the United States magistrate judge for initial

screening pursuant to 28 U.S.C. § 636(b) and a standing order of reference from the

District Court. The undersigned magistrate judge issues the following findings of fact,

conclusions of law, and recommendation:

**Background**

This is a civil action brought by Candace Willrich, appearing *pro se*, against the

United States, Attorney General Eric Holder, the State of Texas, the Texas

Department of Criminal Justice, Texas Board of Criminal Justice Chairman Oliver

Bell, Texas Attorney General Greg Abbott, the City of Lewisville, Starbucks

Corporation, and AFC Enterprises Inc. d/b/a Popeyes. On August 12, 2013, Plaintiff

tendered a complaint to the district clerk and filed an application to proceed *in forma*

*pauperis*. Because the information provided by Plaintiff in her pauper's affidavit

indicates that she lacks the funds necessary to prosecute this case, the Court granted

-1-

leave to proceed *in forma pauperis* and allowed the complaint to be filed.

In her complaint, Plaintiff alleges that, on August 6, 2013, she was "violently assaulted" by Defendants while she sat on the toilet at a Starbucks Coffee Café and a Popeyes Restaurant in the area of Lewisville and Flower Mound, Texas. *See* Dkt. No. 3 at 3. Plaintiff states that Defendants "assaulted her person and hit against the areas beneath her breasts" and "inappropriately communicated into the public restrooms." *Id.* She also details a 13-year conspiracy by the United States government and state governments, assisted by the restaurants, to assault her by shooting "digital rays" at her medical implants and to thwart her plans to report and remedy the misconduct. *Id.* at 3-6. By this lawsuit, Plaintiff seeks relief under the Americans with Disabilities Act, 42 U.S.C. §§ 1983 and 1985, and Title VII of the Civil Rights Act of 1964.

The undersigned now concludes that this case is frivolous and should be summarily dismissed under 28 U.S.C. § 1915(e)(2).

## Legal standards

A district court may dismiss a complaint filed *in forma pauperis* if it concludes that the action is frivolous or malicious. *See* 28 U.S.C. § 1915(e)(2). An action is frivolous if it lacks an arguable basis in either law or fact. *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *see also Brewster v. Dretke*, 587 F.3d 764, 767 (5th Cir. 2009) ("A claim may be dismissed as frivolous if it does not have an arguable basis in fact or law."). A complaint is without an arguable basis in law if it is grounded upon an untenable, discredited, or indisputably meritless legal theory, including alleged violations of a legal interest that clearly does not exist. *See Neitzke*, 490 U.S. at 326-27;

*Berry v. Brady*, 192 F.3d 504, 507 (5th Cir. 1999). A claim is factually frivolous when the facts alleged are "clearly baseless," *Neitzke*, 490 U.S. at 327, a category encompassing allegations that are "fanciful," *id.*, at 325, "fantastic," *id.* at 328, and "delusional," *id.*; *see also Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (factual allegations are "clearly baseless" where they "rise to the level of the irrational or the wholly incredible").

## Analysis

Plaintiff does not present a logical set of facts to support any claim for relief. Her complaint contains allegations wholly based on a delusional or fanciful scenario. Dismissal is clearly warranted under these circumstances. *See Kolocotronis v. Club of Rome*, 109 F.3d 767 (table), 1997 WL 115260, at *1 (5th Cir. 1997) (affirming the dismissal of a complaint describing a government plot to spread the AIDS virus throughout the world); *accord Denton*, 504 U.S. at 32-33; *Neitzke*, 490 U.S. at 326-28.

The undersigned notes that Plaintiff has filed three similar lawsuits in the last month, each of which allege various fanciful and delusional scenarios. *See Willrich v. United States*, No. 3:13-cv-2670-M-BK (defendants "push[ed] against a medical implant in her rectum," "vandalized Plaintiff's home many years ago," are "able to hear Plaintiff in her home with possibly thousands of other state and federal employees," have "made gross ill comments about" her, "plotted to view Plaintiff's sexual organs and improperly prescribe[d] antibiotics," and "intentionally moved Plaintiff's hand" causing her hand to "hit a sharp knife," have "raped ... [her], hit against her chest, sedated her heart, and then assaulted her brain"); *Willrich v. United States*, No. 3:13-cv-3116-P-BH (claiming

that on August 5 and 6, the defendants "manipulated medical implants in [her] person," "grossly raped her person," violently assaulted her in her home, and sexually and physically assaulted her while she was on the toilet in public restrooms); *Willrich v. United States,* No. 3:13-cv-3149-G-BH (defendants assaulted her using "concocted" software that manipulated medical implants in her body, failed to provide an explanation for the assault, installed illegal recording devices in her home, colluded with the Church of God in Christ to maul and rape her, and failed to provide sufficient information about these alleged assaults when she requested information under the state and federal public information acts).

In all three prior lawsuits filed in this Court, the assigned magistrate judges have recommended summary dismissal of the claims as frivolous and suggested that Plaintiff be warned of, or subjected to, the imposition of sanctions including barring Plaintiff from filing future lawsuits *in forma pauperis* without first obtaining leave to file. *See Willrich v. United* States, No. 3:13-cv-2670-M-BK (N.D. Tex. July 17, 2013) (Dkt. No. 10 at 3); *Willrich v. United States*, No. 3:13-cv-3116-P-BH (N.D. Tex. Aug. 9, 2013) (Dkt. No. 7 at 3-4); *Willrich v. United States*, No. 3:13-cv-3149-G-BH (N.D. Tex. Aug. 14, 2013) (Dkt. No. 7 at 3-4).

### Recommendation

Plaintiff's complaint should be summarily dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2).

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report

and recommendation must file specific written objections within 14 days after being served with a copy. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: August 19, 2013

_____

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE